# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:22-cv-00259-MR

| | | |
|---|---|---|
| **DAMETRI DALE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **NORTH CAROLINA DEPARTMENT** | ) | |
| **OF PUBLIC SAFETY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is the Plaintiff's pro se "Motion for the Issuance and Service of Summons and Complaint…." [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I.     BACKGROUND

The pro se Plaintiff, a prisoner of the State of North Carolina, has recently filed at least five civil rights actions in this Court, several of which appear to suffer from serious deficiencies and/or contain duplicative claims.[1]

_____

[1] See Case Nos. 1:22-cv-234-MR; 1:22-cv-259-MR; 3:22-cv-597-MR; 3:22-cv-641-MR; 3:22-cv-642-RJC-DSC; see also Case No. 3:22-cv-580-MR (seeking habeas relief). Case Nos. 1:22-cv-234 and 1:22-cv-259 address incidents that allegedly occurred at the Foothills Correctional Institution, and Case Nos. 3:22-cv-597, 3:22-cv-641, and 3:22-cv-642 address alleged improprieties with regard to the Plaintiff's criminal prosecution.

He filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[2] [Doc. 1]. The Plaintiff names as Defendants the North Carolina Department of Public Safety (NCDPS) and Foothills CI, as well as the following Defendants in their individual and official capacities: Brandeshawn Harris, identified as the NCDPS commissioner; Teresa Jardon, identified as the warden of Foothills CI; Doug Newton, identified as a Foothills CI associate warden; Deorain Carson, a Foothills CI employee for whom no job or title is provided; Brandon Orders, identified as a Foothills CI correctional sergeant; Chadwick Roseboro, identified as a Foothills CI case manager; Robert Campbell, identified as a Foothills CI lieutenant; and Eris Allen, identified as a Foothills CI correctional officer. The Plaintiff describes his claims as: "1) California v. Faretta – self representation; 2) cruel and unusual punishment; and 3) equality and rights of people." [Doc. 1 at 4]. He claims that his rights were violated at Foothills CI on August 15, 2022, October 18, 2022, and November 10, 11, 17, and 18, 2022. [Id. at 7].

For injuries, the Plaintiff claims "I suffer from neck and back spasms. Also nerves in my hand hurts and causes discomfort. Nurses have on given me non-asprin and ibuprofen. I have scars on my wrist. I suffer from

---

[2] He is presently incarcerated at the Marion Correctional Institution.

physical, mental, emotional and other injuries." [Id. at 13] (errors uncorrected).  The Plaintiff seeks monetary relief and "any declaratory relief the Court deems appropriate."  [Id.].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc.</u>

<u>Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was

"deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law."

<u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

As a threshold matter, the NCDPS is not a proper defendant in a §

1983 action.  Neither the State of North Carolina nor its agencies constitute

"persons" subject to suit under Section 1983.  <u>Will v. Mich. Dep't of State</u>

<u>Police</u>, 491 U.S. 58 (1989).  Furthermore, the Eleventh Amendment bars the

Plaintiff's suit for money damages against the State of North Carolina and its

various agencies.  <u>See</u> <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir.

2003).  As such, the Plaintiff's claim against the NCDPS fails, and this

Defendant will be dismissed.

Similarly, Defendant Foothills is not a proper Defendant in this matter

because it is not a "person" subject to suit under § 1983.  <u>See</u> <u>Fox v.</u>

<u>Harwood</u>, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009) (NCDPS

facilities are not "persons" under § 1983).  As such, the Plaintiff's claim

against the Foothills CI fails, and this Defendant will be dismissed.

4

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger, 352 F.3d at 844-45. As such, the Plaintiff's claims for damages against the Defendants in their official capacities do not survive initial review and will be dismissed.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at

individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff also uses vague terms rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 8-12 (referring to "staff" and a "team")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, to the extent that these allegations refer to non-parties, they are nullities for the reasons discussed *supra.*

The Plaintiff appears to assert Eighth Amendment claims against Defendants Campbell, Orders, and Allen. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that

6

the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act ... coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her failure to act if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204.

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the

Plaintiff's Eighth Amendment claims against Defendants Campbell, Orders, and Allen have passed initial review in that they are not clearly frivolous.[3]

Further, the Plaintiff's claims against Defendants Jardon and Harris appear to be duplicative of his claims against those Defendants in a previously-filed action, Case No. 1:22-cv-234. [See 1:22-cv-234, Doc. 1 at 4-5]. In that case, the Plaintiff asserts a claim of cruel and unusual punishment under the Eighth Amendment, and he also purports to claim violations of "pro se/self representation Faretta; attorney client privilege; mailing services; liberty; [and] defamation" that allegedly occurred between July 21, 2022 and October 24, 2022 at Foothills. [Id. at 5-6].

Here, the Plaintiff's claims against Defendants Jardon and Harris are so overlapping and duplicative of the claims in Case No. 1:22-cv-234 that the Court cannot allow them to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the claims against Defendants Jardon and Harris from the instant action without prejudice. The Complaint in Case No. 1:22-cv-234 was dismissed on initial review, and the Plaintiff has been granted the opportunity to amend in that

---

[3] The Court liberally construes the Complaint as raising an assault claim against Defendant Campbell, over which it will exercise supplemental jurisdiction at this time. See 28 U.S.C. § 1367(a).

case.  He may raise all of the claims he wishes to assert in that action in his Amended Complaint in that case.

The rest of the Plaintiff's allegations are unattributed to any Defendant, are vague and conclusory, and/or are so devoid of factual support that they fail the most basic pleading requirements.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); [see also 1:22-cv-234, Doc. 10 at 5-6].  As such, these claims are dismissed without prejudice.

The Court will allow the Plaintiff to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted.  The Plaintiff is directed to carefully review the Order of Instructions [Doc. 3] before filing any further documents with the Court.  He is admonished that he may not bring multiple unrelated claims against unrelated defendants in any single action. See generally Fed. R. Civ. P. 18, 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants

belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). **He is further cautioned that the repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**. Should the Plaintiff fail to timely file a superseding Amended Complaint in accordance with this Order, the case will proceed only on the claims identified in this Order.

The Plaintiff's pending "Motion for the Issuance and Service of Summons and Complaint…" [Doc. 10] is denied as moot because the Court will order service at the appropriate time as a matter of course; no motion requesting service is necessary.

## IV. CONCLUSION

For the foregoing reasons, the Complaint passes initial review on the Plaintiff's Eighth Amendment claims against Defendants Campbell, Orders, and Allen, and the Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault claim against Defendant Campbell. The claims against NCDPS, the Foothills CI, and the § 1983 claims for damages against the Defendants in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the case will proceed only on the claims identified in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint passes initial review on the Plaintiff's Eighth Amendment claims against Defendants Campbell, Orders, and Allen, and the Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault claim against Defendant Campbell.

2. The claims against NCDPS, the Foothills CI, and the § 1983 claims for damages against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will proceed only on the claims identified in this Order.

5. The Plaintiff's "Motion for the Issuance and Service of Summons and Complaint…" [Doc. 10] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 form, an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED**.

Signed: January 17, 2023

Martin Reidinger
Chief United States District Judge