IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00259-MR

| | |
|---|---|
| DAMETRI DALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 16]. Also pending is Plaintiff's pro se "Motion to Accept Supplemental Claims and Additional Defendants, Listed in Plaintiff's Amended Complaint" [Doc. 15]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se Plaintiff, a prisoner of the State of North Carolina, has recently filed at least five civil rights actions in this Court, several of which appear to suffer from serious deficiencies and/or contain duplicative claims.[1]

---

[1] See Case Nos. 1:22-cv-259-MR; 1:22-cv-234-MR (dismissed as frivolous and for failure to state a claim on March 1, 2023); 3:22-cv-597-MR (dismissed as barred by the statute of limitations, abstention principles, and immunity on January 25, 2023); 3:22-cv-641-MR

He has been admonished repeatedly in this and other cases before this Court that "he may not bring multiple unrelated claims against unrelated defendants in a single action." [Doc. 11 at 9]; Dale v. 26th Judicial District, 3:22-cv-597-MR, 2023 WL 416200, *3 (W.D.N.C. Jan. 25, 2023); Dale v. Jardon, 1:22-cv-234-MR, 2023 WL 22163, *2 (W.D.N.C. Jan. 3, 2023).

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[2] [Doc. 1]. The Complaint passed initial review on Eighth Amendment claims against Defendants Campbell, Orders, and Allen, and the Court exercised supplemental jurisdiction over a North Carolina assault claim against Defendant Campbell. [Doc. 11]. The Court granted the Plaintiff the opportunity to amend. The Court cautioned the Plaintiff that, if he failed to amend in accordance with all applicable rules and the Court's Orders, the case would proceed only on the claims identified in the Order on initial review

---

(voluntarily dismissed on January 20, 2023); 3:22-cv-642-RJC-DSC (dismissed as frivolous on April 25, 2023); see also Case No. 3:22-cv-580-MR (seeking habeas relief). Case Nos. 1:22-cv-234 and 1:22-cv-259 address incidents that allegedly occurred at the Foothills Correctional Institution, and Case Nos. 3:22-cv-597, 3:22-cv-641, and 3:22-cv-642 address alleged improprieties with regards to the Plaintiff's criminal prosecution.

[2] He is presently incarcerated at the Scotland Correctional Institution.

of the Complaint. [Id. at 10]. The Amended Complaint is now before the Court for initial review.[3] [Doc. 16].

In his Amended Complaint, the Plaintiff reasserts claims against Defendants Allen, Campbell, Carson, Harris, Jardon, Newton, Orders, and Roseboro from Foothills CI. He also names additional Foothills CI employees, as well as a number of employees from Marion Correctional Institution and Central Prison, naming all of the Defendants in their individual and official capacities. He describes his claims as follows: "1) Cruel and unusual punishment – Amend 8; 2) Due Process – Amend 5 US Const; 3) Assistance of Counsel – Amend 6; 4) Attorney client privilege; 5) Prison conditions; 6) Failure to protect; 7) Mental health care; 8) Use of force; 9) Access to courts; 10) Retaliation; and 11) Religion. [Doc. 16 at 12].

For injuries, the Plaintiff claims that he:

> suffers from neck, wrist, and back pain. He also suffers from pain and suffering. Also, mental, emotion, physical, and spiritual injuries. He has scars on his wrist and right shoulder. He suffers phychologically. He can't call his attorney. He's restricted from normal activities. He's being penalized and punished without a end. He cannot get legal documents or tablets which the prison has. He's deprived of food.

---

[3] The Plaintiff's present "Motion to Accept…" is denied as moot insofar as no leave to amend was required before the Plaintiff filed the Amended Complaint. However, the Amended Complaint fails initial review for the reasons discussed *infra*.

3

[Id. at 30] (errors uncorrected). The Plaintiff seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, costs, a jury trial, and any additional relief the Court deems just, proper, and equitable. [Id. at 30-31].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Despite the Court's repeated warnings, the Plaintiff has again asserted multiple unrelated claims which allegedly occurred at three different prisons, against unrelated Defendants in a single action. He also reasserts claims that were previously dismissed as duplicative of another action on initial review. [See Doc. 11 at 8; Case No. 1:22-cv-234-MR]. The Court cannot blindly select which related set of facts the Plaintiff might want to pursue. The Court also notes that many of the Plaintiff's allegations refer to individuals who are not named as Defendants; use pronouns or vague terms such that the Court cannot determine the individual(s) to which Plaintiff refers; or are too vague or otherwise fail to state a claim for relief. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Dickson v. Microsoft Corp., 309 F.3d

193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). For these reasons, the Court will dismiss the Amended Complaint, and the case will proceed only on the claims set forth in the original Complaint that passed initial review. [See Doc. 11].

## IV. CONCLUSION

The Amended Complaint is dismissed as abusive and for failure to comply with the Court's Orders. The Clerk will be instructed to commence the procedure for waiver of service for Defendants Campbell, Orders and Allen on the claims identified in the Order on initial review of the Complaint [Doc. 11].

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 16] is **DISMISSED**.

2. The Plaintiff's "Motion to Accept Supplemental Claims and Additional Defendants, Listed in Plaintiff's Amended Complaint" [Doc. 15] is **DENIED AS MOOT**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Robert Campbell, Brandon Orders, and Eris

Allen, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED**.

Signed: June 28, 2023

Martin Reidinger
Chief United States District Judge