IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00259-MR

| | | |
|---|---|---|
| DAMETRI DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion for an Evidentiary Hearing and/or Order to the Defendants to file Video Evidence on Behalf of Plaintiff on his Motion for Summary Judgment [Doc. 38]; the Defendants' Motion to Manually File Video Exhibits [Doc. 55]; and the parties' Motions to Seal [Docs. 40, 54].

The pro se incarcerated Plaintiff filed this civil rights action addressing incidents that allegedly occurred at the Foothills Correctional Institution. [Doc. 1]. The Complaint passed initial review on claims against Defendants Eris Allen, Brandon Orders, and Robert Campbell for the use of excessive force and failure to intervene, and the Court exercised supplemental jurisdiction over a North Carolina assault claim against Defendant

Campbell.[1] [Doc. 11]. The Defendants waived service, and the Court entered a Pretrial Scheduling Order and Case Management Plan.[2] [Doc. 31]. The parties have filed dispositive motions. [See Docs. 37, 41, 52]. Several Motions are presently pending that will be addressed in turn.

In his "Motion for an Evidentiary Hearing…," the Plaintiff asks the Court to require the Defendants to file video footage from November 11, 2022 on his behalf, and he requests an evidentiary hearing on his Motion for Summary Judgment. [Doc. 38]. The Defendants have filed a Motion seeking leave to manually file a USB drive containing video exhibits including the incidents of November 11, 2022. [Doc. 55]. The Defendants sent the Plaintiff another copy of the videos at issue, which the Plaintiff already viewed during discovery, with instructions that the facility allow the Plaintiff to view the videos. [Id.]. The Defendants' Motion to Manually File is granted pursuant to the Court's ECF Administrative Procedures. See Admin. Procedures Governing Filing and Service by Electronic Means, Section IV(D), (G) (rev. Dec. 1, 2022). Counsel for Defendants is directed to deliver the video exhibits, and a courtesy copy, to the Clerk's Office in addition to providing a

---

[1] The Plaintiff subsequently filed an Amended Complaint, but the Court dismissed that pleading as abusive and for failure to comply with the Court's Orders. [See Docs. 16, 18].

[2] The Court appointed North Carolina Prisoner Legal Services to assist the Plaintiff with discovery, but it declined the representation. [Docs. 31, 32].

2

copy to the Plaintiff's facility. The Plaintiff's request for an order requiring the Defendants to file video footage on his behalf is, therefore, denied as moot. The Plaintiff's request for an evidentiary hearing is also denied as moot because the Court will grant any appropriate relief when it addresses the pending dispositive motions in a separate order.

The Plaintiff moves the Court to seal Exhibits 7, 8, and 9 to his Motion for Summary Judgment, which are NCDAC documents stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" including an Incident Report, Witness Statements, and Offender Photographic Documentation Records that are stamped [Doc. 40; see Doc. 39]. The Defendants move the Court to seal their Memorandum in support of the Motion for Summary Judgment and the attached exhibits [Doc. 54; see Doc. 53]. The Defendants' exhibits include an "Offender Public Information" printout [Doc. 53-1 at 6], disciplinary and grievance records [Doc. 53-1 at 8, 10], and the Defendants' Declarations [Doc. 53-2, 53-3, 53-4]. The parties argue that these documents discuss the Plaintiff's medical records and mental health history, and include documents that are confidential under state and/or federal law. [Docs. 40, 54].

There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR

3

6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases).  However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).  The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest.  See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990).  Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered.  See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1.  When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion.  LCvR 6.1.

The Court has considered alternatives to sealing and finds that the Plaintiff's and the NCDAC's interests in the confidentiality of certain prison records overrides the public's right to an open court in this case, that there

4

is no alternative that will adequately protect these concerns, and that permanently sealing Exhibits 7, 8, 9 to the Plaintiff's Motion for Summary Judgment is warranted. The Plaintiff's Motion will be granted for the reasons set forth therein and the Clerk of Court will be directed to permanently seal Exhibits 7, 8 and 9 to the Plaintiff's Motion for Summary Judgment.

However, the Defendants' Motion to seal the entire Memorandum and all of the attached exhibits fails to differentiate between public information and confidential information that should remain protected. The Defendants' Motion is, therefore, denied without prejudice to seek more tailored relief by, for instance, redacting confidential portions of the Memorandum and identifying confidential portions of the attachments that should be sealed. Should the Defendants fail to seek more narrowly tailored relief within 30 days of this Order, the Clerk will be instructed to unseal Docket Entry 53.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se Motion for an Evidentiary Hearing and/or Order to the Defendants to file Video Evidence on Behalf of Plaintiff on his Motion for Summary Judgment [Doc. 38] is **DENIED AS MOOT.**

2. The Defendants' Motion to Manually File Video Exhibits [Doc. 55] is **GRANTED**. Counsel for the Defendants is directed to deliver the video exhibits, and a courtesy copy, to the Clerk's Office. Counsel shall also provide a copy of the exhibits to the Plaintiff's current housing facility so that the Plaintiff may view them.

3. The Plaintiff's Motion to Seal [Doc. 40] is **GRANTED**. The Clerk is respectfully instructed to **PERMANENTLY SEAL** Exhibits 7, 8 and 9 to the Plaintiff's Motion for Summary Judgment [Doc. 39].

4. The Defendants' Motion to Seal [Doc. 54] is **DENIED WITHOUT PREJUDICE** to seek a more narrowly tailored relief within **thirty (30) days** of this Order. Should the Defendants fail to timely comply, Docket Entry 53 will be unsealed.

**IT IS SO ORDERED**.

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge