IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00259-MR

| | |
|---|---|
| DAMETRI DALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Dismiss Defendant Eris Allen [Doc. 41].[1]

## I. BACKGROUND

The incarcerated Plaintiff Dametri Dale, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[2] In his Complaint, the Plaintiff alleges *inter alia* that on October 18, 2022, Correctional Officer Eris Allen applied excessively tight handcuffs and refused to loosen them; that on

---

[1] The parties have also filed Motions for Summary Judgment; however, briefing is not yet complete. [See Docs. 37, 52].

[2] The Plaintiff is presently incarcerated at the Scotland Correctional Institution.

November 10, 2022, Lieutenant Robert Campbell threatened the Plaintiff and assembled a team that used excessive force to extract Plaintiff from his cell; and that on November 11, 2022, Lieutenant Campbell used excessive force while the Plaintiff's chain restraint was being adjusted in the presence of Sergeant Brandon Orders. [Doc. 1 at 8-10]. The Complaint passed initial review for the use of excessive force/failure to protect against Defendants Allen, Campbell, and Orders, and the Court exercised supplemental jurisdiction over a North Carolina assault claim against Defendant Campbell.[3] [Doc. 11]. The Defendants waived service and filed an Answer. [Doc. 30].

The Plaintiff filed a Motion for Summary Judgment on the claims that Defendants Campbell and Orders violated his constitutional rights on November 10 and 11, 2022, and that Defendant Campbell assaulted him. [Doc. 37]. The Plaintiff subsequently filed the instant Motion to Dismiss, explaining that Defendant Allen "was nowhere around" when Defendant Campbell allegedly assaulted him on November 11, and that he named Allen as a defendant due to an "honest mistake." [Doc. 41 at 3]. He asks to

---

[3] The Plaintiff's allegations were dismissed as to officers who were not named as defendants and whom the Plaintiff failed to clearly identify. [See Doc. 11 at 5-6]. The Plaintiff was granted the opportunity to amend, but the Amended Complaint did not pass initial review. [See Docs. 11, 16, 18].

2

voluntarily dismiss Defendant Allen from this action, to terminate him as a defendant, and for the Court to grant whatever other relief it deems just, proper, and appropriate. [Id.] The Defendants have not responded to the Motion to Dismiss. However, they have now filed a Motion for Summary Judgment in which they argue *inter alia* that the Plaintiff failed to exhaust his administrative remedies as to the October 18 and November 10 incidents, and that the Defendants did not violate the Plaintiff's constitutional rights on October 18, November 10, or November 11, and that Defendant Campbell did not assault him under North Carolina law. [Doc. 53].

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss an action without prejudice at any point until the defendant either answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). Otherwise, dismissal is permitted only by court order "on terms that the court considers proper" or by stipulation of the parties. Fed. R. Civ. P. 41(a)(2); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

Here, voluntary dismissal pursuant to Rule 41(a)(1) is not available to the Plaintiff because the Defendants answered the Complaint before he sought relief. To the extent that the Plaintiff seeks voluntary dismissal

3

pursuant to Rule 41(a)(2) of the claim against Defendant Allen with regard to the November 11 incident, this is moot because no such claim passed initial review. The Plaintiff's claim against Defendant Allen pertains to the application of handcuffs on October 18, 2022 and the Plaintiff has not sought dismissal of that claim. Accordingly, the Plaintiff's Motion to Dismiss will be denied as moot.

### III. CONCLUSION

For the reasons stated herein, the Plaintiff's Motion to Dismiss as to Defendant Allen is denied as moot.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Dismiss Defendant Eris Allen [Doc. 41] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: October 7, 2024

Martin Reidinger
Chief United States District Judge