IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00259-MR

| | |
|---|---|
| DAMETRI DALE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Direct Defendants to File Video Evidence on Behalf of Plaintiff in Support of his Motion for Summary Judgment" [Doc. 62], and on the Defendants' Renewed Motion to Seal [Doc. 63].

The pro se incarcerated Plaintiff filed this civil rights action addressing incidents that allegedly occurred at the Foothills Correctional Institution. [Doc. 1]. The Complaint passed initial review on claims against Defendants Eris Allen, Brandon Orders, and Robert Campbell for the use of excessive force and failure to intervene, and the Court exercised supplemental jurisdiction over a North Carolina assault claim against Defendant

Campbell.[1]  [Doc. 11].  The Defendants waived service, and the Court entered a Pretrial Scheduling Order and Case Management Plan.[2]  [Doc. 31].  The parties have filed Motions for Summary Judgment, which are presently pending.  [See Docs. 37, 52].

The Plaintiff previously filed a "Motion for an Evidentiary Hearing …" in which he asked the Court *inter alia* to require the Defendants to file video footage from November 11, 2022 on his behalf.  [Doc. 38].  The Court denied the Plaintiff's Motion as moot because it appeared that the Defendants had filed the videos at issue in support of their Motion for Summary Judgment.  [See Doc. 55 (Motion to Manually File); Doc. 58 (Order)].

In the instant "Motion to Direct…," the Plaintiff explains that the video he presently seeks has not been filed with the Court.  [Doc. 62].  He asks the Court to require the Defendants to file in-cell video footage from November 11, 2022 that shows: "1) what Plaintiff was doing prior to Defendants entering his cell; 2) a different angle from the handheld camera footage; and 3) that Plaintiff could not have sat on a bed in the cell without injuring himself."  [Id. at 3].  The Defendants do not object to the Plaintiff's Motion.  [Doc. 64].  The

---

[1] The Plaintiff's Amended Complaint was dismissed on initial review.  [See Docs. 16, 18].

[2] The Court appointed North Carolina Prisoner Legal Services to assist the Plaintiff with discovery, but it declined the representation. [Docs. 31, 32].

2

Plaintiff's Motion is granted insofar as counsel for the Defendants is directed to deliver the in-cell video footage, and a courtesy copy, to the Clerk's Office, and to provide a copy of the video to the Plaintiff's facility for the Plaintiff's viewing.

The Defendants previously filed a Motion to Seal their Memorandum and Exhibits in support of their Motion for Summary Judgment because they included confidential information. [Docs. 40]. The Court granted the Motion in part and denied it in part. [Doc. 58]. It permanently sealed Exhibits 7, 8, and 9 to the Defendants' Motion for Summary Judgment, and granted the Defendants 30 days in which to seek more narrowly tailored relief with regard to the remaining documents. [Id.].

The Defendants have now filed a Renewed Motion to Seal in which they ask the Court to permanently seal their original Memorandum and Exhibits, and to make publicly available the redacted versions of those documents that the Defendants have filed, in order to protect confidential information including medical records, documents created and maintained by the NCDPS/NCDAC, protected health information, and other information that is potentially embarrassing or invasive of the privacy of a person not a party to this lawsuit. [Doc. 63]. The Court has considered the relevant factors and the alternatives to sealing, and determines that redacting the

confidential information contained in Docket Entry 53 is warranted. [See Doc. 58 (setting forth the applicable legal standard)]. The Clerk will, therefore, be instructed to permanently seal Docket Entry 53, and to separately docket the Defendants' proposed redacted documents as the "Defendants' Redacted Memorandum in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment" [Doc. 63-2] and as "Redacted Exhibits" [Docs. 63-3 through 63-6] in the Court's publicly-available record.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Direct Defendants to File Video Evidence [Doc. 62] is **GRANTED**.

2. Counsel for the Defendants is directed to deliver the in-cell video footage, and a courtesy copy, to the Clerk's Office, and to provide a copy of the video to the Plaintiff's facility.

3. The Defendants' Motion to Seal [Doc. 63] is **GRANTED**.

4. The Clerk is respectfully instructed to **PERMANENTLY SEAL** Docket Entry 53, and to separately docket the redacted Memorandum and Exhibits [Docs. 63-2 through 63-6] as described in this Order.

**IT IS SO ORDERED.** Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge